IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JASON HOLLOWAY                                                                                    PLAINTIFF

V.                                                                                NO. 1:15CV11-NBB-SAA

DANIEL COOPER                                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's motion to dismiss Plaintiff's complaint for failure to exhaust administrative remedies. Because an affidavit is attached to the instant motion, the Court construes it as one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). The parties have been afforded an opportunity to present additional relevant material to the Court. Despite this opportunity, Holloway has failed to respond to Defendant's motion. This matter is ripe for review.

### Background

Plaintiff Jason Holloway was previously incarcerated at the Alcorn County Regional Correctional Facility ("ACRCF") in Corinth, Mississippi. Holloway alleges that on or about October 5, 2014, he returned to the facility after treatment for an asthma attack at a local emergency room and was told by Correctional Sergeant Daniel Cooper that he would be subjected to a strip search. Holloway claims that he repeatedly refused the strip search and began cursing at Cooper, who told Holloway that he would be placed in a restraint chair. Holloway maintains that when he refused to go sit in the restraint chair, Cooper threw him against the wall. Holloway claims that he was cooperating with other officers who were trying to get him into the restraint

chair when Cooper came up behind Holloway and pushed him down into the chair. Holloway claims that he then began to struggle with the officers, who nonetheless were able to restrain him. Holloway states that once he was restrained, he wrapped his leg chains around his neck in order to choke himself. Holloway maintains that Cooper returned to the restraint chair to free the chains from Holloway's neck, and that when he again cursed at Cooper, Cooper struck Holloway in the head twice with a closed fist. *See* Compl. at 7-8.

On or about January 12, 2015, Holloway initiated this lawsuit under 42 U.S.C. § 1983 against Correctional Sergeant Daniel Cooper, alleging that he sustained injuries after Cooper used excessive force against him. In response to Holloway's complaint, Cooper maintains that this action should be dismissed due to Holloway's failure to exhaust his administrative remedies, as he failed to comply with the inmate grievance procedure at the Alcorn County Regional Correctional Facility.[1]

**Discussion**

Because Holloway was incarcerated when he filed this case, the Prison Litigation Reform Act ("PLRA") applies to this case. *See* 28 U.S.C. § 1915A. The Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The PLRA's exhaustion requirement is mandatory. *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). It "applies to all inmate suits about prison life" and must be adhered to "irrespective of the forms of relief sought and offered through

---

[1] Cooper does not concede that any of Holloway's alleged facts are true.

administrative avenues." *Porter*, 534 U.S. at 532; *Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Fifth Circuit has held that "[d]istrict courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012); *see also Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003) (holding that the Fifth Circuit takes "a strict approach" to the PLRA's exhaustion requirement). Moreover, prisoners must properly exhaust their administrative remedies before filing suit, which "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91(2006).

The Mississippi Department of Corrections has been granted the statutory authority to adopt an administrative review procedure at each of its correctional facilities. Pursuant to this authority, it has established an Administrative Remedy Program ("ARP") through which an inmate may seek formal review of a complaint or grievance relating to any aspect of his incarceration. *See* Miss. Code Ann. § 47-5-801. The ARP process is a two-step process that begins when an inmate first submits his grievance in writing to the prison's legal claims adjudicator within thirty days of the complained of incident. *Howard v. Epps*, No. 5:12CV61-KS-MTP, 2013 WL 2367880, at *2 (S.D. Miss. May 29, 2013). The adjudicator screens the grievance and determines whether to accept it into the ARP process. *Id.* If accepted, the grievance is forwarded to the appropriate official who then issues a First Step Response to the complaining inmate. *Id.* If the inmate is unsatisfied with the first response, he may continue to the Second Step by completing an appropriate ARP form and sending it to the legal claims adjudicator. *Id.* The Superintendent, Warden or Community Corrections Director will then issue a final ruling, or Second Step Response, which completes the ARP process. *Id.* If the inmate is

unsatisfied with that response, he may file suit in state or federal court. *Id*.

In his Complaint, Holloway checked "Yes" in response to a question whether he availed himself to the grievance system at ACRCF. *See* Compl. at 2. On the next page, however, he states: "I filed a grievance [verbally] with . . . Lt. Miller and Chief of Security Chief Settlermeres." *Id*. at 3. Defendant Cooper has produced an affidavit from Lisa Ligon, the Office Manager at ACRCF, who maintains that Holloway did not submit a written grievance form regarding this issue at ACRCF. Def. Mot., Ex. A. Holloway has not produced any contradictory evidence.

Therefore, the Court finds that Holloway did not comply with proper grievance procedures by filing a written grievance prior to filing this lawsuit, and that his verbal complaint is insufficient to meet the exhaustion requirement. *See Jones v. Brock*, 549 U.S. 199, 218 (2007) ("Compliance with prison grievance procedures. . . is all that is required by the PLRA to properly exhaust."); *Sheppard v. Issaquena County Corr. Facility*, 2008 WL 504027 at *2 (S.D. Miss. January 22, 2008) ("In his complaint, plaintiff admits that he did nothing more than make verbal complaints on two occasions about the incidents in question. . . . It is clear from the face of the Complaint that the plaintiff has failed to exhaust administrative remedies."). Specifically, the Court finds that the competent evidence shows that Holloway did not properly exhaust his administrative remedies prior to filing this lawsuit. Accordingly, Defendant's motion [30] is **GRANTED**, and this case is **DISMISSED** without prejudice.

**SO ORDERED**, this the 28th day of September, 2015.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**